RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA McHALE (CSB No. 293308)
ciara@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Plaintiff
Loom Games Oyun Yazilim Ve
Pazarlama Anonim Sirketi

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOOM GAMES OYUN YAZILIM VE PAZARLAMA ANONIM SIRKETI, | Case No: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| AMOBEAR PTE. LTD., and FUNFINITY LIMITED | |
| Defendants. | |

Plaintiff Loom Games Oyun Yazılım ve Pazarlama Anonim Şirketi ("Loom" or "Plaintiff"), for its complaint against defendants Amobear Pte. Ltd. ("Amobear") and Funfinity Limited ("Funfinity") (together, "Defendants"), alleges as follows:

## **INTRODUCTION**

1.    This action arises from Defendants' copying of Loom's hit mobile game *Pixel Flow!*, an original audiovisual work that Loom conceived, designed, and brought to market at significant creative and financial expense.

2.    *Pixel Flow!* is not merely a set of abstract game rules. It has a distinctive audiovisual identity across its levels—including the look of its main character, app icon and loading screen, the composition and layout of its puzzle boards, the arrangement and hierarchy of user-interface elements, and the design of its in-game power-up pop-ups and store creatives—that Loom carefully selected, coordinated, and arranged to create a unique overall expression.

3.    Defendants' games, including *Color Blaze Shooter* and *Color Cube Breaker* (also distributed as *Color Pixel Shooter*), are thinly disguised reskins of *Pixel Flow!*'s creative audiovisual expression. Across their level progressions, they reproduce Loom's expressive character design, app icon and splash compositions, level layouts, board and UI hierarchy, puzzle shapes, and visual presentation of boosters so closely that they read as the same game wearing a different coat of paint.

4.    The copying is apparent from the main shooter character alone. In *Pixel Flow!*, the central character is a compact, rounded creature with a large circular opening in the front (resembling a cannon or "snout"), small legs, small dark eyes, and sharply angled eyebrows that create an angry expression, all set against a bright blue background with glossy pixel blocks. In *Color Blaze Shooter*, the main shooter character uses the same color and overall silhouette—rounded body, small legs, large circular front opening, small eyes, and aggressive eyebrow/face expression—and appears in front of the same type of blue sky and floating cube environment, with only cosmetic changes in color and minor facial details.

| *Pixel Flow* (Loom) | *Color Blaze Shooter* (Defendants) |
|---|---|
|  |  |

5.      As another concrete example of Defendants' copying, the first level of each game presents a rounded-square conveyor track with shaded borders surrounding a central puzzle shape that is bisected into two differently colored regions arranged in the same outline, with tray holders directly beneath the puzzle and shooter units shaped, organized and aligned in the same columns at the bottom of the screen. These Level 1 similarities exemplify a broader pattern of copying that continues across the opening sequence of levels.

| *Pixel Flow!* (Loom) | *Color Blaze Shooter* | *Color Cube Breaker* |
|---|---|---|
|  |  | |

6.      *Pixel Flow!* has achieved millions of downloads and top rankings worldwide, including in the United States and California, and is heavily promoted on the same platforms and ad networks through which Defendants distribute and promote their games. On information and belief, Defendants deliberately copied *Pixel Flow!*'s successful audiovisual design and level

layouts in an attempt to free-ride on Loom's success rather than invest in their own original creative work.

**PARTIES**

7.      Plaintiff Loom Games Oyun Yazılım ve Pazarlama Anonim Şirketi is a joint stock company organized under the laws of Türkiye with its principal place of business in Istanbul, Türkiye. Loom develops and publishes mobile games worldwide, including *Pixel Flow!*, which it distributes through Apple's App Store and the Google Play Store.

8.      Defendant Amobear Pte. Ltd. is a company organized under the laws of Singapore, with a registered office at 9 Raffles Place, #2905, Republic Plaza, Singapore 048619. Amobear develops and publishes mobile games worldwide, including *Color Blaze Shooter*, which it distributes on Apple's App Store and the Google Play Store targeting, among others, users in the United States and this District.

9.      Defendant Funfinity Limited is a company organized under the laws of Hong Kong, with a listed address at Rm 5003, 5/F, Yau Lee Centre, 45 Hoi Yuen Road, Kwun Tong, Hong Kong. Funfinity develops and publishes mobile games worldwide, including *Color Cube Breaker* and *Color Pixel Shooter*, which it distributes on Apple's App Store and other platforms targeting, among others, users in the United States and this District.

10.      On information and belief, Amobear and Funfinity operate as a unified enterprise with shared ownership, management, and development resources, including joint publication of *Color Cube Breaker* under the package name com.funfinity.amobear.blaze.shooter and coordinated responses to Loom's infringement allegations.

**JURISDICTION AND VENUE**

11.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

12.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal copyright laws.

13.      This Court has personal jurisdiction over Defendants because they purposely direct, and have directed, their infringing conduct to the United States and to this District by

distributing and marketing their infringing games *Color Blaze Shooter*, *Color Pixel Shooter*, and *Color Cube Breaker* through U.S.-facing versions of the Apple App Store and Google Play Store and by targeting users in California and this District.

14. In connection with Loom's DMCA notice to Google concerning *Color Pixel Shooter*, the CEO of Funfinity submitted a DMCA counternotice on behalf of Amobear. In that counternotice, he expressly consented to "the jurisdiction of Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States)" and agreed to accept service of process from Loom.

15. On information and belief, because Amobear and Funfinity operate as a unified enterprise responsible for the accused games, Funfinity's express consent to jurisdiction in the Northern District of California is attributable to, and binding on, the combined enterprise.

16. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District, Defendants have directed infringing conduct into this District through distribution of their infringing games on platforms accessible here, and Funfinity's CEO has consented to venue in the Northern District of California through the DMCA counternotice.

## FACTUAL ALLEGATIONS

### Loom's *Pixel Flow!* and its Copyright Registration

17. Loom is the creator and owner of the hit mobile game *Pixel Flow!*, a casual puzzle game that presents a distinctive audiovisual experience built around a conveyor-style board and colorful shooter characters.

18. *Pixel Flow!* was completed in 2025 and first published on or about August 18, 2025 in the United States through major mobile app stores, including the Apple App Store and Google's Play Store.

19. *Pixel Flow!* is protected by U.S. Copyright Registration No. PA0002555079, effective November 28, 2025, issued by the U.S. Copyright Office for the *Pixel Flow!* audiovisual work. Loom is the sole claimant by written transfer from the original work-for-hire authors.

COMPLAINT FOR COPYRIGHT INFRINGEMENT        - 4 -

20.    The registered work includes the game's audiovisual material, such as the look of its main character and shooter units, the icon and loading screen, the layout and composition of its board and levels, the arrangement and design of user interface elements, and the visual design of power-up pop-ups and store creatives.

21.    Loom has invested substantial time and resources in developing *Pixel Flow!*'s original art, animations, and visual presentation. For example, *Pixel Flow!*'s icon and loading screen showcase a distinctive main character with a rounded body, small legs, and a prominent circular "snout" or cannon opening, set against a blue background with colorful pixel blocks and the *Pixel Flow!* logo.

### Chronology, Popularity, Visibility, and Defendants' Access

22.    *Pixel Flow!* was released and made available to users before Defendants released the accused games.

23.    After *Pixel Flow!* launched, it quickly achieved substantial success and visibility. Third-party analytics show that *Pixel Flow!* has been downloaded approximately 4.5 million times in total, including about 1.8 million downloads in a recent 30-day period, and is described as "top ranked" in its category with more than fifty thousand user ratings and an average rating above 4.0 out of 5.

24.    These sources confirm that *Pixel Flow!* is widely distributed and visible on the Apple App Store and the Google Play Store with substantial user engagement from around the world.

25.    Defendants' *Color Blaze Shooter* was released and promoted after *Pixel Flow!* entered the market and has been distributed on Apple's App Store and Google's Play Store under the Amobear developer account.

26.    After Loom notified Apple and Google that *Color Blaze Shooter* and related titles infringed Loom's copyrights, and after *Pixel Flow!*'s registration issued, Defendants released a second variant, *Color Cube Breaker* / *Color Pixel Shooter*, which adopts the same overall audiovisual design and level layouts while making only superficial cosmetic changes such as minor art and color tweaks.

27.    On information and belief, *Color Cube Breaker / Color Pixel Shooter* launched after Loom obtained U.S. Copyright Registration No. PA0002555079 and after Defendants were on notice of Loom's claims, further supporting that the later game is an intentional, post-notice reskin designed to continue exploiting Loom's creative expression.

28.    Loom's creatives and third-party tools show that both *Pixel Flow!* and *Color Blaze Shooter* advertise through the same mobile ad networks with their creatives appearing in overlapping placements, increasing Defendants' exposure to *Pixel Flow!*'s audiovisual presentation.

29.    Defendants are mobile-game publishers with portfolios of casual and puzzle titles distributed worldwide on iOS and Android. On information and belief, they closely monitor successful titles in their category, including through the same analytics and ad-intelligence tools Loom has used.

30.    In light of *Pixel Flow!*'s multi-million download count, top rankings, heavy ad presence on shared networks, and global distribution on the same platforms that Defendants use, coupled with Defendants' operation in the same competitive puzzle/hyper-casual segment, Defendants had ample opportunity and access to observe and copy *Pixel Flow!* before and during development of their own games.

31.    Defendants' access is further confirmed by the DMCA dispute itself: Loom directly identified *Pixel Flow!* to Google and Apple as the infringed work and provided side-by-side materials comparing *Pixel Flow!* to Defendants' games, and Defendants responded in detail to those accusations, thereby confirming their familiarity with *Pixel Flow!*.

**Defendants' Copying of Loom's Level Designs and Overall Selection and Arrangement**

32.    *Color Blaze Shooter* and *Color Cube Breaker* closely track *Pixel Flow!*'s level designs across their level progressions. The similarities include not only the presence and design of a conveyor track and shooters, but the puzzle shapes, color divisions, and the placement and hierarchy of trays, shooters, and numbered elements within each level.

33.    As a concrete example, the first level of *Pixel Flow!*, *Color Blaze Shooter*, and *Color Cube Breaker* presents essentially the same composition: a rounded-square conveyor track

with shaded borders; a central puzzle region whose interior is divided into two complementary colored halves in the same outline; a row of tray holders positioned directly below the puzzle; and shooter units aligned in corresponding columns at the bottom of the screen.

34.    In each of the three games, the Level 1 puzzle uses the same or highly similar outline and block configuration, with the two colors occupying corresponding regions of the shape, and the same positioning of colored blocks feeding into the conveyor path. Defendants' games present the same tray count and shape, and the same ordering and alignment of shooters beneath the puzzle, with numbered values and projectiles that mirror *Pixel Flow!*'s presentation.

35.    These Level 1 similarities are representative of a broader pattern across the opening sequence of levels. When the first ten levels of each game are compared, the rounded-square shapes of the conveyor tracks, the layouts of puzzle shapes, the positions of holding blocks and shooters, and the hierarchical ordering of UI elements are substantially identical in each stage, with only superficial texturing and color tweaks.

36.    Defendants also copy *Pixel Flow!*'s expressive presentation of in-game boosters and power-ups. In all three games, boosters such as "Add Tray" / "Extra Slot" and "Hand" are presented using the same or highly similar naming, iconography, concise descriptive phrasing, and modal pop-up layout, appearing at comparable points in early level progression.

37.    Defendants' app-store creatives likewise mimic the look and feel of *Pixel Flow!*'s promotional materials, including the use of the board framed in a similar way, comparable camera angles, and the same kind of numbered shooters and cubes arranged to showcase gameplay.

38.    Taken together—the matching puzzle shapes and two-color patterns, the identical conveyor-track and tray arrangements, the aligned shooters and numbered elements, the parallel booster pop-ups, and the shared icons and splash compositions—Defendants' games appropriate Loom's overall selection, coordination, and arrangement of expressive game assets.

39.    On information and belief, Defendants adopted this particular combination of expressive elements precisely because *Pixel Flow!* had already demonstrated commercial success and user appeal, and Defendants sought to free-ride on that success by offering a visually interchangeable experience under their own titles.

COMPLAINT FOR COPYRIGHT INFRINGEMENT        - 7 -

**DMCA Notices, Lack of Apple Counternotice, and Ongoing Harm**

40. On November 12, 2025, Loom notified Apple that *Color Blaze Shooter* infringed Loom's copyright in *Pixel Flow!*, explaining that *Color Blaze Shooter* copied *Pixel Flow!*'s gameplay layout, level design, UI structure, and specific in-game assets and requesting that Apple disable access to *Color Blaze Shooter*.

41. In response, Apple opened a dispute under reference APP251342-B and invited Amobear to provide written assurance that its app did not infringe.

42. Amobear engaged in correspondence with Apple and Loom, disputing infringement, but did not submit a formal DMCA counter-notification that satisfies 17 U.S.C. § 512(g). Loom has repeatedly informed Apple that Amobear has had every opportunity to submit a valid counter-notification and has not done so.

43. Apple has not disabled access to *Color Blaze Shooter* on the App Store. As a result, *Color Blaze Shooter* remains available to users, continuing to compete with and trade on the distinctive audiovisual identity of *Pixel Flow!*.

44. In parallel, Loom submitted a DMCA notice to Google regarding *Color Pixel Shooter*, prompting Google to remove the app. Funfinity's CEO then submitted a DMCA counternotice asserting ownership and independent creation and expressly consenting to jurisdiction in this Court, after which Google reinstated the app.

45. After obtaining its copyright registration for *Pixel Flow!*, Loom notified Google that it was preparing to initiate formal legal proceedings and provided Google and Defendants with the copyright registration information and certificate.

46. Defendants' continued distribution of *Color Blaze Shooter*, *Color Pixel Shooter*, and *Color Cube Breaker*, despite notice of Loom's rights and detailed side-by-side comparisons, has caused and continues to cause Loom irreparable harm, including diversion of downloads and revenue, loss of control over its intellectual property, erosion of *Pixel Flow!*'s distinctive identity, and damage to Loom's goodwill and reputation.

**COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

47.     Loom realleges and incorporates by reference paragraphs 1–46 as though fully set forth herein.

48.     *Pixel Flow!* is an original work of authorship fixed in a tangible medium of expression and is subject to protection under the Copyright Act.

49.     Loom is the owner of all right, title, and interest in and to the copyrights in *Pixel Flow!*, including the audiovisual work registered with the U.S. Copyright Office as Registration No. PA0002555079, effective November 28, 2025.

50.     Defendants had access to *Pixel Flow!* prior to and during the development and release of their games, including through app-store listings, third-party analytics, and shared ad networks, as well as through direct notice via the DMCA process.

51.     Defendants copied original, protectable elements of *Pixel Flow!*'s expression, including but not limited to: (a) the design and appearance of the main character and shooter units; (b) the composition of the app icon and loading screen; (c) the layout and hierarchical arrangement of the game board and levels, including the rounded-square track, puzzle shapes and two-color patterns, tray holders, shooters, and level indicator; (d) the design and presentation of in-game pop-ups and boosters; and (e) the look and composition of promotional store creatives.

52.      Defendants' games *Color Blaze Shooter*, *Color Pixel Shooter*, and *Color Cube Breaker* are substantially and strikingly similar to *Pixel Flow!* in their overall look and feel and in numerous specific expressive details, such that an ordinary observer would recognize Defendants' games as appropriating *Pixel Flow!*'s original audiovisual expression.

53.     Defendants' acts of copying, reproducing, publicly displaying, and distributing the infringing games, and of authorizing others to do the same, infringe Loom's exclusive rights under 17 U.S.C. § 106 and constitute copyright infringement under 17 U.S.C. § 501.

54.     Defendants' infringement has been willful. Defendants continued to distribute and exploit the infringing games after receiving detailed notices of infringement and side-by-side comparisons from Loom and after engaging in DMCA proceedings with Apple and Google.

COMPLAINT FOR COPYRIGHT INFRINGEMENT          - 9 -

55.     As a direct and proximate result of Defendants' infringement, Loom has suffered and will continue to suffer damages, including lost profits, lost licensing opportunities, and damage to goodwill. Loom is entitled to recover its actual damages and Defendants' profits attributable to the infringement or, at its election, statutory damages under 17 U.S.C. § 504, together with its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

56.     Loom has no adequate remedy at law for Defendants' ongoing infringement. Unless enjoined, Defendants will continue to infringe Loom's copyrights and cause irreparable harm to Loom.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loom respectfully prays for judgment against Defendants as follows:

a)  A declaration that Defendants have infringed Loom's copyrights in *Pixel Flow!* under 17 U.S.C. § 501.

b)  A preliminary and permanent injunction enjoining Defendants, and all persons acting in concert with them, from reproducing, publicly displaying, distributing, or otherwise exploiting *Color Blaze Shooter*, *Color Pixel Shooter*, *Color Cube Breaker*, or any other work that is substantially similar to *Pixel Flow!*'s protected audiovisual expression, and requiring Defendants to remove those games from all app stores and distribution platforms.

c)  An award of Loom's actual damages and Defendants' profits attributable to the infringement in an amount to be proven at trial, or, at Loom's election, statutory damages under 17 U.S.C. § 504.

d)  An award of Loom's costs of suit and reasonable attorneys' fees under 17 U.S.C. § 505.

e)  Such other and further relief, in law or in equity, as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Loom hereby demands a trial by jury on all issues so triable.

COMPLAINT FOR COPYRIGHT INFRINGEMENT     - 10 -

Respectfully submitted,
TYZ LAW GROUP PC

Dated: February 2, 2026

/s/ Ciara McHale
Ciara McHale

Attorneys for Plaintiff
Loom Games Oyun Yazilim Ve
Pazarlama Anonim Sirketi